JURY TRIAL DEMANDED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>LOUIS A. RUPP, II in his individual capacity; )<br>and LOUIS A. RUPP, II and PAULINE RUPP )<br>in their capacity as trustees for the Louis A. )<br>Rupp II Revocable Trust, )<br><br>Defendants. ) | **COMPLAINT FOR A CIVIL CASE**<br><br>Case No. 4:19-cv-2644 |

The United States of America ("United States") alleges as follows:

### I.  NATURE OF THIS ACTION

1.      This action is brought by the United States to enforce Title VIII of the Civil

Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing

Act"), 42 U.S.C.§§ 3601-3631.  It is brought on behalf of Laura Erwin, Martin Teal, and their

minor children (the "Erwin-Teals"), pursuant to 42 U.S.C. § 3612(o).

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 42

U.S.C. § 3612(o).

3.      The United States District Court for the Eastern District of Missouri, Eastern

Division, is a proper venue for this action under 28 U.S.C. § 1391(b) because all or a substantial

part of the events giving rise to this action occurred in this district and this division, this action

concerns real property located in this district and this division, and all defendants reside within

this district and this division.

## III.  PARTIES AND SUBJECT APARTMENT PROPERTY

4.      The Erwin-Teals are a married couple who reside in St. Louis, MO.  At the time

of the alleged discriminatory acts described herein, they were engaged to be married and had one

minor child, "B__,"[1] who was born in 2010 and, later, a second minor child, "M__," who was

born in 2017.

5.      At all times relevant to this Complaint, the Louis A. Rupp II Revocable Trust was

the owner of the residential four-plex apartment property located at 6626 Devonshire Ave., St.

Louis, MO 63109.

6.      At all times relevant to this Complaint, Defendants Louis A. Rupp II ("Defendant

Louis Rupp") and Pauline Rupp ("Defendant Pauline Rupp") were registered trustees for the

Louis A. Rupp II Revocable Trust.  They reside at 2891 Fox Fire Drive, St. Louis, MO, 63129.

7.      At all times relevant to this Complaint, the apartment property at 6626

Devonshire Ave. was used as a residential rental property.

---

[1] The full first names of the Erwin-Teals' minor children are redacted in this Complaint and
Exhibits.  Personally identifiable information has also been redacted in the Exhibits.

8.      Between March 2016 and July 2017, the Erwin-Teals rented the two-bedroom apartment located at 6626 Devonshire Ave., Unit 1W, St. Louis, MO, 63109 ("Unit 1W"), from Defendants.

9.      The apartment property at 6626 Devonshire Ave., including Unit 1W, is a "dwelling," as defined by 42 U.S.C. § 3602(b).

10.     At all times relevant to this Complaint, Defendant Louis Rupp acted as rental agent and property manager for the apartment property at 6626 Devonshire Ave. and was responsible for the rental, leasing, and management of that property.

11.     At all times relevant to this Complaint, Defendant Louis Rupp was acting as an agent of the Louis A. Rupp II Revocable Trust, within the scope of his authority, and had actual or apparent authority from the Louis A. Rupp II Revocable Trust to engage in the leasing, rental, and management of the apartment property at 6626 Devonshire Ave.

## IV.  DEFENDANTS' DISCRIMINATORY HOUSING PRACTICES

12.     In or around February 2016, Laura Erwin and Martin Teal each completed an application form entitled "Application for Lease of Apartment" ("Application"), which was provided to them by Defendant Louis Rupp, to rent apartment Unit 1W at 6626 Devonshire Ave. and returned the completed form to Defendant Louis Rupp.

13.     The Application states, "Important Notice to All Applicants . . . .  NO PETS OR CHILDREN ARE PERMITTED."

14.     The Application also asks for the name, relationship, age, and sex of other persons in the household.  In response, both Laura Erwin's and Martin Teal's completed application form lists "B__ Teal," stating that his relationship is "son," his age is 6, and his sex is male.

15.   A true and correct copy of the completed Application described above in paragraphs 12 to 14 is attached as Exhibit 1.

16.   On February 12, 2016, Laura Erwin and Martin Teal (as tenants) and Defendant Louis Rupp (as lesser) executed a lease agreement ("Lease Agreement") to rent Unit 1W beginning on March 1, 2016.  The Lease Agreement states that it has a one-year term, ending the last day of the month, *i.e.*, February 28, 2017.

17.   The Lease Agreement states, "NO CHILDREN" (capitalization in original).

18.   The Lease Agreement lists "Names of all Persons who will occupy apartment:  1. Martin Teal, 2. Laura Erwin, 3. B__ Teal."

19.   The Lease Agreement includes handwritten "Additions/Amendments," including the following provision: "This lease contract is being entered on a trial basis in consideration of the 'no children' clause in the contract and the building must be quite [sic] at all times."

20.   A true and correct copy of the Lease Agreement described above in paragraphs 16 to 19 is attached as Exhibit 2.

21.   From March 1, 2016, through February 28, 2017, the Erwin-Teals resided in Unit 1W pursuant to the Lease Agreement.

22.   After the lease agreement expired on February 28, 2017, the Erwin-Teals continued to rent Unit 1W on a month-to-month basis.

23.   On or about May 8, 2017, Defendant Louis Rupp provided the Erwin-Teals a letter dated May 8, 2017, which enclosed a signed Lease Contract Extension and invited them to sign a new one-year lease extension.

24.   The May 8, 2017 letter stated, in part: "Since your lease contact expired on February 28, 2017 and since we are in high hopes that you will continue your leasing of the

4

apartment at 6626 Devonshire Ave., we are forwarding the enclosed lease extension contract for your signatures.  The period of the lease extension will be May 1, 2017 until April 30, 2018 and the lease payment will remain the same."

25.    The Lease Contract Extension enclosed with the May 8, 2017 letter was signed by Defendant Louis Rupp on May 8, 2017.  It provides: "This is to record that Martin Teal and Laura Erwin are extending the current lease contract for the apartment located at 6626 Devonshire Ave. – 1W at a monthly lease payment of $750.00 for the period starting May 1, 2017 and extending until April 30, 2018.  All conditions and terms of the initial lease contract signed on February 12, 2016 will remain and prevail."

26.     A true and correct copy of the May 8, 2017 letter and enclosed Lease Contract Extension referred to above in paragraphs 23 to 25 is attached as Exhibit 3.

27.    On May 10, 2017, the Erwin-Teals signed and returned the Lease Contract Extension to Defendant Louis Rupp.

28.    On May 25, 2017, the Erwin-Teals' second child, M__, was born.

29.    Defendant Louis Rupp was not aware that the Erwin-Teals were expecting a second child before he offered the Lease Contract Extension on May 8, 2017.  He became aware of the birth of the second child only shortly after she was born.

30.    On or about June 12, 2017, Defendant Louis Rupp provided the Erwin-Teals a letter dated June 12, 2017 and captioned "Subjects:  June Lease Payment/Broken Lease Agreement/Notice to Vacate Apartment no Later than July 31, 2017."

31.    The June 12, 2017 letter stated that the Erwin-Teals' June rent and corresponding late fees had been received late and they owed late fees.

32.    The June 12, 2017 letter stated further:

More importantly, also included with the rent payment was a lease extension memo that was hand delivered to the apartment on May 8, 2017 and signed by both of you on May 10, 2017.  In the lease contract extension, it plainly states "all conditions and terms of the initial lease contract, signed on February 12, 2016 will remain and prevail."

As a review of the February 12, 1917 [sic] lease contract will show, in BOLD PRINT; **NO PETS, NO CHILDREN, AND NO HEAVY APPLIANCES** are allowed.

At the time of your initially [sic] leasing of the apartment, you indicated that a son would be occasionally staying overnight.  It has come to our attention that was a total misrepresentation of the situation since the child has been living full time at the apartment during the past year.

In addition, during the past two (2) week [sic], Laura has given birth to a girl who is also now living at the apartment.

In light of the above situation and your total disregard for the terms and conditions of your lease contract; [sic] we have no alternative than to not extend the lease contract signed on February 12, 2016, and to terminate your occupancy of apartment 1W located at 6626 Devonshire on or before, but no later than July 31, 2017.

Your failure to comply will result in legal action to have you removed from the apartment totally at your expense.

(capitalization and emphasis in original.)

33.     A true and correct copy of the June 12, 2017 letter referred to above in paragraphs 30 to 32 is attached as Exhibit 4.

34.     In or around late June, 2017, at some point after he had received the June 12, 2017 letter, Martin Teal encountered Defendant Louis Rupp at the 6626 Devonshire Ave. property.  Mr. Teal explained that it was not realistic for the Erwin-Teals to move out by the end of July and asked if they could be given six months before being forced to vacate the property.  Defendant Louis Rupp refused to allow the Erwin-Teals more time before vacating.

35.  During this conversation, Martin Teal also explained that Defendant Louis Rupp had waived his "no children" policy for them in the Lease Agreement.  Defendant Louis Rupp denied

that he had done so.  Martin Teal attempted to show Defendant Louis Rupp a copy of their Lease Agreement on Mr. Teal's phone.  But Defendant Louis Rupp refused to look at the Lease Agreement and told Mr. Teal he did not want to speak with him anymore.

36.     On or about July 7, 2017, Defendant Louis Rupp provided the Erwin-Teals a letter dated July 7, 2017, and captioned "Subject:  July Lease payment/June – July Late Fees." The July 7, 2017 letter stated that the Erwin-Teals owed their July rent and late fees for June and July rent.  It also stated: "In addition, we are enclosing a copy of the letter you received on June 12, 2017 requesting your vacating the apartment on or before July 31, 2017, due to the stated reasons."

37.     A true and correct copy of the July 7, 2017 letter referred to above in paragraph 36 is attached as Exhibit 5.

38.     On or around July 7, 2017, Laura Erwin telephoned the Rupps, hoping to speak with Defendant Louis Rupp about the notice to vacate.  She reached Defendant Pauline Rupp by telephone instead.  During this phone call, Ms. Erwin was crying and told Defendant Pauline Rupp that she had just a baby and that the Rupps had renewed their lease.  Defendant Pauline Rupp responded that the Erwin-Teals did not have a lease.

39.     On or about July 9, 2017, Defendant Louis Rupp provided the Erwin-Teals a letter dated July 9, 2017, and captioned "Subject:  July Lease Payment/June-July Late Fees/Notice to Vacate Apartment no Later than July 31, 2017."  That letter referenced Laura Erwin's "request to my wife on Friday July 7, 2017 to call you" and stated that "[m]y wife mentioned you referenced your lease."

40.     The July 9, 2017 letter stated further: "I believe a review of our June 12, 2017 letter (copy enclosed) would plainly indicate that at present, <u>you and Martin **Do Not Have a**</u>

7

**Lease** contract for the apartment at 6626 Devonshire Ave. based on the reasons stated and the fact that your lease expired in February, 2017." (emphasis in original).

41.     The July 9, 2017 letter stated further that Defendants had served notice to vacate by July 31, 2017 and that late fees for July would continue to accrue.  The letter stated that if Defendants had not received the amount due in full by July 15, they would initiate a legal eviction action at the Erwin-Teals' expense.

42.      A true and correct copy of the July 9, 2017 letter referred to above in paragraphs 39 to 41 is attached as Exhibit 6.

43.     At some point during July 2017, Defendant Louis Rupp initiated eviction proceedings in state court against the Erwin-Teals.

44.     On July 13, 2017, Defendant Louis Rupp filed an action in Missouri Circuit Court against the Erwin-Teals seeking $830 in unpaid rent for June and July 2017.  That court later awarded a judgment of $750 for back rent for July 2017, on August 18, 2017.  The Erwin-Teals paid this judgment in full.

45.     On or around July 30, 2017, the Erwin-Teals vacated Unit 1W.

46.     City of St. Louis "Housing Conservation District Section" Certificates of Inspection issued on November 30, 2015 and August 30, 2017 indicate that Unit 1W has an occupancy limit of three persons.

47.     Unit 1W is located within the legal boundaries of the City of St. Louis.  At all times relevant to this Complaint, it was subject to the requirements of Title 25, Chapter 25.56 of the City of St. Louis Code of Ordinances.  *See* City of St. Louis Code of Ordinances, Title 25, Chapter 25.56.010.

48.    Title 25, Chapter 25.56.050, Exhibit A, 9 (Space Requirements) of the City of St. Louis Code of Ordinances provides: "After an occupancy load has been established and unit is legally occupied, said unit will still be considered to be legally occupied if an infant under the age of thirty (30) months is found to be added to the legally occupied unit."

49.    At all times relevant to this Complaint, the Erwin-Teals' occupancy of Unit 1W was in compliance with the City of St. Louis occupancy limit requirements referenced above in paragraphs 46 to 48.

50.    The Erwin-Teals' tenancy would have remained in compliance with these City of St. Louis occupancy limit requirements until September 25, 2019, when their second child, M__, reached the age of 30 months.

51.    On August 21, 2017, Defendant Louis Rupp filed an action in St. Louis City Small Claims Court against Laura Erwin on August 21, 2017, seeking $1906.67 for property damage.  That court later awarded a judgment of $400, on November 30, 2017.  The Erwin-Teals paid this judgment in full.

## V.  HUD ADMINISTRATIVE PROCESS

52.    On August 11, 2017, the Erwin-Teals timely filed a complaint of housing discrimination with the United States Department of Housing and Urban Development ("HUD") against Defendant Louis Rupp, pursuant to 42 U.S.C. § 3610(a), alleging that Defendant Louis Rupp discriminated against them on the basis of familial status, in violation of the Fair Housing Act, as amended, 42 U.S.C. §§3601 *et seq.*

53.    On that same date, August 11, 2017, HUD referred the complaint under 42 U.S.C. § 3610(f) to the Missouri Commission on Human Rights, which was a substantially equivalent state agency at the time, for investigation.

54. On August 22, 2017, an investigator from the Missouri Commission on Human Rights interviewed Defendant Louis Rupp. During this interview, Defendant Louis Rupp admitted that the reason he terminated the Erwin-Teals' tenancy was that they had had a second child. Specifically, he stated that what "triggered" problems was that "she [Ms. Erwin] became pregnant again," and "pop[ped] up with the second one [child] and I said this cannot go on." He also stated in this same interview that there were "a lot of issues," but "this was the straw that broke the camel's back," and that "it was a combination of things, but the reason I gave them the notice to vacate were [sic] the children."

55. On September 28, 2017, the Erwin-Teals amended their complaint to name Defendant Pauline Rupp as a respondent.

56. On or around June 13, 2018, the Missouri Commission on Human Rights referred the investigation back to HUD because it no longer qualified as a substantially equivalent state agency under 42 U.S.C. § 3610(f).

57. Between June 2018 and July 2019, pursuant to 42 U.S.C. §§ 3610(a) and (b), HUD conducted and completed an investigation of the Erwin-Teals' complaint and attempted conciliation between the parties without success.

58. On or around November 2, 2018, the Defendants, through counsel, sent HUD a letter dated November 2, 2018. In that letter, they asserted for the first time that the basis for Defendant Louis Rupp's notice to vacate and his termination of the Erwin-Teals' occupancy was because the addition of their second child to the household resulted in a violation of St. Louis City occupancy rules or requirements.

59. On December 12, 2018, an investigator from HUD interviewed Defendant Louis Rupp, with counsel present. Defendant Louis Rupp admitted during this interview that he has

been using the same form Lease Agreement that he used with the Erwin-Teals containing the provision "NO CHILDREN" for 45 years.

60.     On March 6, 2019, the Erwin-Teals amended their complaint again to add and clarify allegations and name the Louis A. Rupp II Revocable Trust as a respondent and name Defendants Louis Rupp and Pauline Rupp in their capacities as trustees and individuals.

61.     On or about July 11, 2019, based on the information gathered in the administrative investigation, the Secretary of HUD, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that the Louis A. Rupp II Revocable Trust, Defendant Louis Rupp, and Defendant Pauline Rupp had engaged in illegal discriminatory housing practices.  Accordingly, on July 11, 2019, the Secretary of HUD issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g).

62.     The Secretary of HUD charged the Louis A. Rupp II Revocable Trust and Defendants Louis Rupp and Pauline Rupp with violations of 42 U.S.C. § 3604(a), (b), and (c).

63.     On July 30, 2019, Defendants, through counsel, timely elected to have these charges resolved in a federal civil action, pursuant to 42 U.S.C. § 3612(a).  On July 31, 2019, an Administrative Law Judge terminated HUD's jurisdiction.

64.     The Secretary of HUD subsequently authorized the Attorney General to file this action on behalf of the Erwin-Teals, pursuant to 42 U.S.C. § 3612(o).

65.     On August 13, 2019, the United States and the Defendants executed an agreement that tolled the expiration of any statute of limitations in this action until September 27, 2019.

## CLAIM FOR RELIEF

66.     Paragraphs 1 through 65 are realleged and incorporated by reference.

67.     Defendant Louis Rupp personally performed the discriminatory conduct described above within the scope of his capacity as rental agent and property manager for Unit 1W, as agent for the property owner, the Louis A. Rupp II Revocable Trust.

68.     Defendants Louis Rupp and Pauline Rupp are liable for the discriminatory conduct described above in their capacity as trustees for the Louis A. Rupp II Revocable Trust.

69.     By the conduct referred to in the foregoing paragraphs, Defendants have:

   a.     Refused to rent after the making of a bona fide offer, refused to negotiate for the rental of, or otherwise made unavailable or denied, a dwelling because of familial status, in violation of 42 U.S.C. § 3604(a);

   b.     Discriminated in the terms, conditions, or privileges of rental of a dwelling because of familial status, in violation of 42 U.S.C. § 3604(b); and

   c.     Made statements with respect to a dwelling that indicate a preference, limitation, or discrimination based on familial status, or an intention to make such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

70.     As a result of Defendants' conduct, the Erwin-Teals and their minor children have suffered damages and are "aggrieved persons" within the meaning of 42 U.S.C. § 3602(i).

71.     Defendants' conduct described herein was intentional, willful, and taken in reckless disregard for the rights of the Erwin-Teals and their minor children.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter judgment against Defendants and requests relief as follows:

a) A declaration that the Defendants' actions, policies and practices, as alleged herein, violate the Fair Housing Act;

b) An injunction against Defendants, their agents, employees, and successors, and all other persons in active concert or participation with any of them, prohibiting them from:

    i. discriminating on the basis of familial status in any aspect of the rental of a dwelling;

    ii. failing or refusing to take such steps as may be necessary to restore, as nearly as practicable, the Erwin-Teals and their minor children to the position they would have been in but for the discriminatory conduct; and

    iii. failing or refusing to take such steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful housing practices.

c) An award of monetary damages to the Erwin-Teals and their minor children, who were injured by the Defendants' discriminatory practices, pursuant to 42 U.S.C. §§ 3612(o) and 3613(c).

d) Such additional relief as the interests of justice may require.

Dated this 26th day of September, 2019.

Respectfully submitted,

JEFFREY B. JENSEN                       ERIC DREIBAND
United States Attorney                  Assistant Attorney General
                                        Civil Rights Division


                                         _/s/ Kathryn Legomsky_

NICHOLAS P. LLEWELLYN                    SAMEENA SHINA MAJEED
Assistant United States Attorney         Chief
Chief, Civil Division                    TIMOTHY J. MORAN
Thomas F. Eagleton U.S. Courthouse       Deputy Chief
111 S. 10th Street, 20th Floor           KATHRYN LEGOMSKY
St. Louis, MO  63102                     Trial Attorney
Tel:  (314) 539-7637                     Housing and Civil Enforcement Section
Fax: (314) 539-2287                      Civil Rights Division
Nicholas.Llewellyn@usdoj.gov             U.S. Department of Justice
                                         4 Constitution Square
                                         150 M Street NE, Room 8.1127
                                         Washington, DC 20002
                                         Tel: (202) 616-2450
                                         Fax: (202) 514-1116
                                         Kathryn.Legomsky@usdoj.gov
                                         California Bar No. 275571

Attorneys for Plaintiff
United States for America

14

# *United States v. Rupp*

# Complaint Exhibit 1

A FALSE OR WILLFULLY OMITTED STATEMENT HEREIN WILL BE GROUNDS FOR CANCELLATION OF YOUR LEASE AT THE OPTION OF YOUR LANDLORD.

Important Notice To All Applicants

FAILURE TO COMPLY WITH EVERY ONE OF THE FOLLOWING CONDITIONS AT THE TIME YOUR LEASE IS ENTERED INTO OR AT THE TIME OF ANY SUBSEQUENT RENEWAL THEREOF AUTOMATICALLY VOIDS LEASE.

1. The one bedroom apartment shall be occupied by no more than two persons.

2. Leases must be signed by both husband and wife, or both persons who will occupy the apartment.

3. Lease rental may not exceed 90% of applicant's weekly income. However, other assets of applicant will be given due consideration in determining financial responsibility.

4. This application shall survive the signing of the lease and shall become a part thereof.

5. NO PETS OR CHILDREN ARE PERMITTED.

The undersigned hereby makes application for rental at _____

NAME _Laura Erwin_ Social Security No. ██████ Age _27_ Phone _314-829-4100_

PRESENT ADDRESS _4333 Toenges Ave_ How long at this address? _8 months_ Phone _314-879 410c_

Present Landlord (If Any) _N/A_ Monthly Payment _N/A_

Landlord's Address _N/A_ Phone _____

Former Address _7300 Hampshire Drive_ How long at this address? _3 Years_

Former Landlord _Mrs. Cheryl_ Phone _618 365 3040_

| OTHER PERSONS IN HOUSEHOLD | Relationship | Age | Sex |
|---|---|---|---|
| Name (if wife give maiden name) | | | |
| _B██ Teal_ | _Son_ | _6_ | _male_ |

| EMPLOYMENT OR BUSINESS Name and Address of Business | Annual Earnings | Employer's Position Telephone Number | Length of Employment |
|---|---|---|---|
| Employer's Name _Studio Optyx_ | $ _2,240/month_ | _Logistic Specialist_ _314 241-9410_ | _9/8/15_ |
| Address _908 Olive Street_ | _26,880.00 ANNUAL_ | | _6 months_ |
| Previous Employer _Maggiano's Little Italy_ | | Phone _314-824-2402_ | |

SPOUSE OR SECOND PERSON LIVING AT APARTMENT EMPLOYMENT    Social Security No. _____

Employer's Name _____

Address _____ $_____

GENERAL INFORMATION
Other Sources of Income _N/A_ Amount Per Month _____
Auto (s) Owned _____ Driver's License No. (s) ██████
Financed By _____ Balance _____
Bank (s) _____ Address & City _____
Bank (s) _____ Address & City _____

☐ Checking    ☐ Savings    ☐ Have Loan

A FALSE OR WILLFULLY OMITTED STATEMENT HEREIN WILL BE GROUNDS FOR CANCELLATION OF YOUR LEASE AT THE OPTION OF YOUR LANDLORD.

Important Notice To All Applicants

FAILURE TO COMPLY WITH EVERY ONE OF THE FOLLOWING CONDITIONS AT THE TIME YOUR LEASE IS ENTERED INTO OR AT THE TIME OF ANY SUBSEQUENT RENEWAL THEREOF AUTOMATICALLY VOIDS LEASE.

1. The one bedroom apartment shall be occupied by no more than two persons.

2. Leases must be signed by both husband and wife, or both persons who will occupy the apartment.

3. Lease rental may not exceed 90% of applicant's weekly income. However, other assets of applicant will be given due consideration in determining financial responsibility.

4. This application shall survive the signing of the lease and shall become a part thereof.

5. NO PETS OR CHILDREN ARE PERMITTED.

The undersigned hereby makes application for rental at _____

NAME _MARTIN Teal_   Social Security No. ▮▮▮▮▮   Age _35_   Phone _314·236·1672_

PRESENT ADDRESS _1137 meyer St_   How long at this address? _6 mnth_   Phone _____

Present Landlord (If Any) _Christopher Ananda_   Monthly Payment _600.00_

Landlord's Address _1137 meyer St_   Phone- _314 814 4672_

Former Address _7300 hampshire DR_   How long at this address? _3 yrs (6 mons Tks)_

Former Landlord _MRS. Cheryl_   Phone _618·365·3040_

| OTHER PERSONS IN HOUSEHOLD | Relationship | Age | Sex |
|---|---|---|---|
| Name (if wife give maiden name) | | | |
| _B▮▮▮ Teal_ | _Son_ | _6_ | _M_ |

| EMPLOYMENT OR BUSINESS Name and Address of Business | Annual Earnings | Position | Employer's Telephone Number | Length of Employment |
|---|---|---|---|---|
| Employer's Name _Cheesecake Factory_ | _$2400.00 moth 28,800 Annual_ | _Chef_ | _314-721-0505_ | _2012 —_ |
| Address _Galleria Mall_ | | | _1800 367-2884_ | |
| Previous Employer _PF Changs - Sous Chef_ | _45,000.00 yr_ | #11699 | Phone _314-862-2624_ | |

SPOUSE OR SECOND PERSON LIVING AT APARTMENT EMPLOYMENT   Social Security No. _____

Employer's Name _____

Address _____   $_____   _____   _____

GENERAL INFORMATION
Other Sources of Income _____   Amount Per Month _____

| Auto (s) | Driver's License | Financed | | |
|---|---|---|---|---|
| Owned _____ | No. (s) _____ | By _____ | Balance _____ |
| Bank (s) _____ | | Address & City _____ |
| Bank (s) _____ | | Address & City _____ |

☐ Checking      ☐ Savings      ☐ Have Loan

# *United States v. Rupp*

# Complaint Exhibit 2

(314) 894-1793

## LEASE AGREEMENT

This is to record that this agreement is made on 12ᵗʰ day of FEBRUARY, 2016, between (Lesser) Louis Rupp and (Tenant/s) MARTIN TEAL # and no others for apartment 1W located at 6626 DEVONSHIRE LAURA EDWIN ROE tenancy starting at 12:00 noon MARCH 1, 2016 and ending at 12:00 noon the last day of the month for $ 750.ᵒᵒ per month. This lease period will cover one (1) year.

RENT IS DUE not later than the first of each month by check or money order, no cash. A late charge of $5.00 per day is charged if rent is not received by the third of each month. Rent is to be mailed to the lesser at 2891 FOX FIRE DR. ST. Louis, Mo. 63129.

FAILURE TO PAY RENT and other charges when due or failure to comply with any conditions listed below will result in immediate eviction of the tenant/s and loss of any/all tenant rights. The lesser or his/her agent has the right to enter your apartment under these conditions to protect the premises and property. In the event of legal problems, the tenant will pay all costs for himself/herself and the lesser.

THIRTY(30) DAY NOTICE TO VACATE is required in writing from the tenant. Failure to give (30) days notice makes the tenant liable for one (1) additional month's rent, and/or forfeiture of all deposits held by the lesser.

NO PETS.

NO CHILDREN.

NO HEAVY APPLIANCES such as freezers, waterbeds, etc.

TENANT WILL VIOLATE NO LAWS, create waste, make a nuisance in, on, or around buildings or annoy or interfere with any other tenant or neighbor tenant. Tenants are responsible for same behavior of visitors and guests.

TENANT WILL PAY UTILITIES on time to avoid any interruption of services and potential damage.

NO SUBLETTING or sharing of apartment is permitted. Only the person or persons name appearing on this lease agreement shall occupy the leased apartment without prior written approval.

NO CHANGES IN APARTMENT CAN BE MADE such as paint, locks, drill of holes, alternation of piping or electrical fixtures without prior written consent of the Lesser.

TENANTS MUST CARRY THEIR OWN INSURANCE, both liability and for personal property. Lesser is not responsible or liable for any personal injury or property loss.

TENANT WILL NOT CHANGE CHARACTER OF BUILDING, by placing anything in the windows, outside, in or on the building or roof or garage without prior written consent of Lesser.

TENANT IS RESPONSIBLE FOR ALL DAMAGES OTHER THAN NORMAL WEAR AND TEAR. Broken

Page 2

windows, plugged drains, etc.; will be fixed by tenant or by Lesser at tenant's costs. Major repairs, such as furnices, electrical, hot water heater, etc., will be the responsibility of the Lesser at his cost unless problem was due to fault or neglect of tenant.

LESSER WILL MAINTAIN the apartment and building in good repair with all services as needed. The apartment is in good condition when the tenant accepts it, and it is expected that the tenant will maintain it in the same condition as if it were his own property. However, the Lesser is not responsible or liable for any damage, interruption or loss of services or accommodations due to but not limited by strike, riot, orders of government, utilities, or agencies or acts of God and other things beyond his control. All required repairs will be made as soon as possible after notification.

LESSER OR HIS AGENT HAS THE RIGHT TO ENTER APARTMENT AT REASONABLE TIMES FOR REASONABLE PURPOSES including pest control, make repairs, inspection, showing to prospective tenant or buyer at which time prior tenant approval would be obtained except in the case of an emergency.

*FEB, = 29 DAYS*

Charges and Deposits Collected:

$\circ \dfrac{750.^{00}}{29} = 25.87 \text{ PER DAY}$

DJUSTED First Month's Rent $ 439.79 .

$\circ 29-12 = 17 \text{ DAYS}$

Last Month's Rent $ N/A. .

$\circ 26.87 \times 17 = 439.79$

Security Deposit $ 750.00 .

Total $ 1,189.79 .

$\dfrac{50.^{00}}{} = \$1,139.79$

All deposits will be returned to tenant within 30 days after vacating premises less any damages, repairs, and cleaning expenses. Tenant acknowledges receipt of 2 keys. There is a $5.00 charge for replacing any lost keys or for any keys not returned at the end of tenancy.

Names of all Persons who will occupy apartment:

1. MARTIN TEAL
2. LAURA ERWIN
3. ▆▆▆▆ TEAL
4.

Tenant agrees that the apartment has been inspected and that everything is in good condition and working order.

Page 3

Required repairs prior to tenant occupancy (if any)

1. _____
2. _____
3. _____
4. _____

If any question exist, please ask before signing this lease agreement.
I/We have read and fully understand and agree to the above terms.

Lesser
_A. Louis Rupp_____

_____

Date  2/12/16

Tenant/s
_Laura D Erwin_____
_Martin Teal_____

Date  2-12-16

ADDITIONS/AMENDMENTS:

IT IS MUTUALLY UNDERSTOOD BY THE UNDERSIGNED PARTIES
THAT:

1. THIS LEASE CONTRACT IS BEING ENTERED ON A TRIAL BASIS
IN CONSIDERATION OF THE "NO CHILDREN" CLAUSE IN THE
CONTRACT AND THE BUILDING MUST BE QUITE AT ALL TIMES.

2. MARTIN TEAL AND LAURA ERWIN ARE EACH, SINGULARLY
AS WELL AS TOGETHER, FULLY RESPONSIBLE FOR ALL
TERMS OF THE ABOVE LEASE CONTRACT FOR THE FULL
TERM OF THE LEASE CONTRACT FOR APARTMENT 1W
LOCATED AT 6626 DEVONSHIRE AVE., ST. LOUIS, MISSOURI, 63109.

_Martin Teal_  2.12.16      _Laura D Erwin_  2-12-16
MARTIN TEAL    DATE          LAURA ERWIN  DATE

               _Louis Rupp_  2/12/16
               LOUIS RUPP    DATE

*United States v. Rupp*

Complaint Exhibit 3

**Letter Hand Delivered to Apartment Located at 6626 Devonshire – 1W by Louis Rupp on May 8, 2017**

May 8, 2017

Martin Teal & Laura Erwin
6626 Devonshire – 1W
St. Louis, Missouri
      63109

**Subject:**            Lease Extension

Dear Martin & Laura,

Since your lease contract expired on February 28, 2017 and since we are in high hopes that you will continue your leasing of the apartment at 6626 Devonshire Ave., we are forwarding the enclosed lease extension contract for your signatures. The period of the lease extension will be May 1, 2017 until April 30, 2018 and the lease payment will remain the same.

We are enclosing two (2) copies of the lease extension. One is for your recorders and the second one requires your signature and return.

If you have any questions, we can be reached at 314 894 1793.

Sincerely,


Louis Rupp

## Lease Contract Extension

This is to record that Martin Teal and Laura Erwin are extending the current lease contract for the apartment located at 6626 Devonshire Ave. - 1W at a monthly lease payment of $ 750.00 for the period starting May 1, 2017 and extending until April 30, 2018. All conditions and terms of the initial lease contract signed on February 12, 2016 will remain and prevail.

LESSOR:                                         TENANTS:

Louis Rupp: _Louis Rupp_                MARTIN TEAL: _____

DATE: _5/8/17_                              DATE: _____

                                                LAURA ERWIN: _____

                                                Date: _____

# *United States v. Rupp*

# Complaint Exhibit 4

**Letter Hand Delivered to Apartment Located at 6626 Devonshire Ave. – 1W by Louis Rupp on June 12, 2017**

June 12, 2017

Martin Teal & Laura Erwin
6626 Devonshire – 1W
St. Louis, Missouri
                63109

**Subjects:**     June Lease Payment/Broken Lease Agreement/Notice to
                Vacate Apartment no Later than July 31, 2017

Dear Martin & Laura,

On June 10, 2017 we received your June rent payment in the form of two (2) money grams totally $770.00 that was post mark on June 7, 2017. Note the copy of the mailing envelop enclosed. The post mark date would indicate a late fee of $ 35.00 was due rather than the $ 20.00 amount included with the rent payment.

More importantly, also included with the rent payment was a lease extension memo that was hand delivered to the apartment on May 8, 2017 and signed by both of you on May 10, 2017. In the lease contract extension it plainly states "all conditions and terms of the initial lease contract, signed on February 12, 2016 will remain and prevail."

As a review of the February 12, 1917 lease contract will show, in BOLD PRINT; **NO PETS, NO CHILDREN, AND NO HEAVY APPLIANCES** are allowed.

At the time of your initially leasing of the apartment, you indicated that a son would be occasionally staying overnight. It has come to our attention that was a total misrepresentation of the situation since the child has been living full time at the apartment during the past year.

In addition, during the past two (2) week, Laura has given birth to a girl who is also now living at the apartment.

In light of the above situation and your total disregard for the terms and conditions of your lease contract; we have no alternative than to not extend the lease contract signed on February 12, 2016, and to terminate your occupancy of apartment 1W located at 6626 Devonshire on or before, but no later than July 31, 2017.

Your failure to comply will result in legal action to have you removed from the apartment totally at your expense.

Louis Rupp

# *United States v. Rupp*

# Complaint Exhibit 5

**Letter Hand Delivered to Apartment Located at 6626 Devonshire Ave. – 1W by Louis Rupp on July 7, 2017**

July 7, 2017

Martin Teal & Laura Erwin
6626 Devonshire Ave. – Apt. 1W
St. Louis, Missouri
　　　　　63109

**Subject:**　　　　**July Lease payment/June – July Late Fees**

As of today's mail delivery we have not received your July lease payment that was due on July 1st. or the late fee resulting from your late June lease payment. As of today this totals as follows.

| | |
|---|---|
| June late fee due = | $ 15.00 |
| July Lease payment = | 750.00 |
| July late fee = | 35.00 |
| **Total due as of 7/7/17= $ 800.00** | |

In addition, we are enclosing a copy of the letter you received on June 12, 2017 requesting your vacating the apartment on or before July 31, 2017 due to the stated reasons. The security deposit that you paid at the time of the lease signing, that was identified as a security deposit, should, in no way be considered your last month payment and therefore the above figure is due in full at this time.

In light of your vacating the apartment on or before July 31st, if we have not received the amount due in full by July 15th, we will have no alternative than to initiate legal action which in accordance with your lease contract, will be at your expense.

If you have any questions, we can be reached at 314 894 1793.

Sincerely,


Louis Rupp

*United States v. Rupp*

Complaint Exhibit 6

**Letter Hand Delivered to Apartment Located at 6626 Devonshire Ave. – 1W by Louis Rupp on July 9, 2017**

July 9, 2017

Laura Erwin
6626 Devonshire Ave. – Apt 1W
St. louis, Missouri
            63129

Subject:        July Lease Payment/June-July Late Fees/Notice to Vacate
                    Apartment no Later than July 31, 2017.

Dear Laura,

In response to your request to my wife on Friday July 7, 2017 to call you, I have attempted to reach you by phone ten (10) times in the past two days with no success. The number you provided (314 879 4100) indicates your mail box is full **and cannot accept any additional calls or messages. I have left several messages** at the only other phone number I was given for you (314) 263-1072 with no return calls.

My wife mentioned you referenced your lease. I believe a review of our June 12, 2017 letter (copy enclosed) would plainly indicate that at present, <u>you and Martin</u> <u>**Do Not Have a Lease** contract</u> for the apartment at 6626 Devonshire Ave. based on the reasons stated and the fact your lease expired in February, 2017. We also served notice, for you to vacate the apartment no later than July 31, 2017 for the reasons provided which was a fifty (50) day notice.

On Friday, July 7, 2017 you received our letter (copy enclosed) indicating a total of $ 800.00 was due for the July payment in addition to late fees relating to the June & July payments. As of the date of this letter, the amount due has increased by an additional $ 10.00 resulting in a total due of $ 810.00 as of the date of this letter. As you are aware, the late fee will continue to increase by $ 5.00 per day until the total is paid in full. We would encourage that everything be done possible to make the payment in full as soon as possible to eliminate the late fees.

As also stated in our July 7th letter, in light of your vacating the apartment on or before July 31st, if we have not received the amount due in full by July 15th, we will have no alternative than to initiate legal action which will be at your expense for rent and possession which will result in your eviction.

If you have any questions, we can be reached at 314 894 1793.

Sincerely,


Louis Rupp

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | RUPP, LOUIS A., II and RUPP, PAULINE |

| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   St. Louis<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Kathryn Legomsky<br>Dept. of Justice, Civil Rights Div., Housing & Civil Enforcement Section<br>150 M Street NE, Rm. 8.1127, Washington DC 20002   (202) 616-2450 | Attorneys *(If Known)*<br>David Dimmitt<br>Witzel Kanzler & Dimmitt LLC<br>2001 S. Big Bend Blvd., St. Louis, MO 63117   (314) 645-5367 |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
       Plaintiff

☐ 2   U.S. Government
       Defendant

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☒ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
       Proceeding

☐ 2   Removed from
       State Court

☐ 3   Remanded from
       Appellate Court

☐ 4   Reinstated or
       Reopened

☐ 5   Transferred from
       Another District
       *(specify)*

☐ 6   Multidistrict
       Litigation -
       Transfer

☐ 8   Multidistrict
       Litigation -
       Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>42 U.S.C. 3601 et seq.<br>Brief description of cause:<br>familial status discrimination, in violation of the Fair Housing Act |
|---|---|

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):*<br>JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

| DATE<br>09/26/2019 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

United States of America                    )
                                            )
                                   ,        )
                                            )
                    Plaintiff,              )
                                            )    Case No.
              v.                            )
LOUIS A. RUPP, II in his individual         )
capacity; and LOUIS A. RUPP, II and         )
PAULINE RUPP in their capacity as trustees  ,    )
for the Louis A. Rupp II Revocable Trust    )
                                            )
                    Defendant,              )
                                            )

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐     THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐     THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒     NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

The undersigned affirms that the information provided above is true and correct.

Date: 09/26/2019 _____          _____
                                               Signature of Filing Party

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| United States of America _Plaintiff_ v. Louis A. Rupp, II and Pauline Rupp _Defendant_ | ) ) ) ) ) |

Civil Action No.

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Louis A. Rupp, II, care of Attorney David Dimmitt

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___30___ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   09/26/2019

_Signature of the attorney or unrepresented party_

Kathryn Legomsky
_Printed name_

4 Constitution Square
150 M Street NE, Room 8.1127
Washington, DC 20002
_Address_

kathryn.legomsky@usdoj.gov
_E-mail address_

(202) 616-2450
_Telephone number_

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Louis A. Rupp, II and Pauline Rupp | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Pauline Rupp, care of Attorney David Dimmitt

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   __09/26/2019__

_____
*Signature of the attorney or unrepresented party*

Kathryn Legomsky
*Printed name*

4 Constitution Square
150 M Street NE, Room 8.1127
Washington, DC 20002
*Address*

kathryn.legomsky@usdoj.gov
*E-mail address*

(202) 616-2450
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) |
| Louis A. Rupp, II and Pauline Rupp | ) |
| *Defendant* | ) |

Civil Action No.

## WAIVER OF THE SERVICE OF SUMMONS

To:   Kathryn Legomsky
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____09/26/2019_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____Louis A. Rupp, II_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Louis A. Rupp, II and Pauline Rupp | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Kathryn Legomsky
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____09/26/2019_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____

_____
*Signature of the attorney or unrepresented party*

_____Pauline Rupp_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.