UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:19-cv-02644-SEP ) |
| LOUIS A. RUPP, II, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are cross-motions for summary judgment. Doc. [38]; Doc. [41]. Both are briefed and ready for disposition. For the reasons set forth below, the Court will deny Defendants' Motion for Summary Judgment (Doc. [38]) and will grant Plaintiff's (Doc. [41]).

**I.    FACTS AND BACKGROUND**

Laura Erwin and Martin Teal applied to lease an apartment from Defendant Louis A. Rupp, II. Doc. [1-1]. Despite the application's notice that the presence of pets or children would automatically void the lease, Ms. Erwin and Mr. Teal wrote on the application that a six-year-old son would be living in the apartment with them. *Id.* at 3. After reviewing it, Mr. Rupp leased a two-bedroom apartment to Laura Erwin, Martin Teal, and their minor son. Doc. [40-1]. The lease ran from March 1, 2016, to February 28, 2017. *Id* at 1. The lease states "NO CHILDREN" on the first page and refers to that prohibition again in a handwritten addendum on the final page.[1] *Id.* at 1, 3. Throughout the lease term, the Erwin-Teals often paid their rent late. Doc. [46] ¶¶ 6-16. The resulting notices threatened only the imposition of late fees, as allowed by the lease, and the Erwin-Teals paid such fees. *Id.*

After the lease expired, the Erwin-Teals remained as periodic tenants on a month-to-month basis. Doc. [39] at 2. On May 8, 2017, Mr. Rupp offered the Erwin-Teals a lease renewal agreement. Doc. [1-3]. The renewal offer purported to incorporate the terms of the original lease. *Id*. Six weeks into the new lease term, on June 12, 2017, Mr. Rupp sent a notice to vacate

---

[1] "The lease contract is being entered on a trial basis in consideration of the 'NO CHILDREN' clause in the contract . . . ." Doc. [40-1] at 3.

to the Erwin-Teals.  Doc. [1-4].  That notice raises two issues:  First, it notes that the Erwin-Teals had underpaid their last late fee by 15 dollars.  *Id.*  Second, and "[m]ore importantly," the letter notes, it had come to Mr. Rupp's attention that the Erwin-Teals had had a son living in the apartment full-time during their entire tenancy, which the letter claims is contrary to what the Erwin-Teals had represented at the time of the initial lease.  In addition, the letter goes on, Ms. Erwin had recently given birth to another child.  *Id.* at 2-3.  "In light of [that] situation and [their] total disregard for the terms and conditions" of the lease, Mr. Rupp stated that he had "no alternative" but "to not extend the lease contract . . . and to terminate [the Erwin-Teals'] occupancy" of the apartment no later than July 31, 2017.  *Id*. at 3.  The lease terms enumerated in the notice are "**NO PETS, NO CHILDREN, AND NO HEAVY APPLIANCES**."  *Id.*

In a subsequent letter, Mr. Rupp advised that he would commence legal proceedings if the Erwin-Teals did not pay their July rent by July 15, 2017.  Doc. [1-5].  On July 13, 2017, he filed a rent and possession action against the Erwin-Teals in state court.  Doc. [40-16].  Four weeks later, Ms. Erwin filed a complaint alleging housing discrimination with the United States Department of Housing and Urban Development.  Doc. [40-20] at 1.  The following week, the state court entered judgement for Mr. Rupp for late rent noting that the Erwin-Teals had "voluntarily vacated July 2017."  Doc. [40-17] at 1.  Mr. Rupp subsequently filed a claim for property damage, Doc. [40-18], and Ms. Erwin filed a counterclaim for withholding the security deposit and other related expenses, Docs. [40-19], [40-20].  The state court ruled in favor of Mr. Rupp for damages plus court costs, offset by Ms. Erwin's counterclaims.  Doc. [40-21].

HUD investigated the Erwin-Teals' complaint and issued a Charge of Discrimination on July 11, 2019.  Doc. [29] ¶ 61.  Plaintiff initiated this action alleging violations of the Fair Housing Act (FHA), 42 U.S.C. § 3601, et seq., after Defendants elected to resolve the charges in federal court.  *Id.* ¶ 63.

## II.  LEGAL STANDARDS

Summary judgment is appropriate where "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), 56(c).  The movant bears the burden of demonstrating that there is no genuine dispute of material fact.  *Celotex Corp. v.*

2

*Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* at 324. A motion for summary judgment will be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. DISCUSSION

#### A. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on the grounds that the state court actions preclude Plaintiff's litigation of the Martin-Teals' eviction and the resulting damages. That argument fails to reach Plaintiff's claims in this case.

"Collateral estoppel is a legal doctrine that bars the relitigation of factual or legal issues that were determined in a prior court action, and applies to bar relitigation in federal court of issues previously determined in state court." *In re Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999) (cleaned up). Courts consider "the substantive law of the forum state in applying the collateral estoppel doctrine, giving a state court judgment preclusive effect if a court in that state would do so." *Id*. Under Missouri law, before giving a prior adjudication preclusive effect, a court must consider four elements:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action;
>
> (2) whether the prior adjudication resulted in a judgment on the merits;
>
> (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and
>
> (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Coop. Home Care, Inc. v. City of St. Louis*, 514 S.W.3d 571, 581 (Mo. banc 2017) (quoting *James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001)). None of those factors favors preclusion here.

> 1. *Plaintiff's familial status discrimination claims in this action are not identical to the rent and possession claims that were adjudicated in Missouri state court.*

Defendants argue that the issue presented in this adjudication is identical to the issue in the state court proceeding on August 18, 2017. Doc. [39] at 5. Defendants claim that that case established that the Erwin-Teals were evicted for failure to pay rent. *Id.*; Doc. [40-17]. But the

3

state court ruled only on Mr. Rupp's claim for July 2017 rent. Doc. [40-17]. Its judgment did not order eviction or terminate a lease; in fact, it noted that the Erwin-Teals had "voluntarily vacated July of 2017." *Id.* Plaintiff's claim in this litigation is that Defendants' June 2017 lease termination illegally discriminated against the Erwin-Teals based on their familial status. Doc. [47] at 6. And Plaintiff presents evidence that Mr. Rupp terminated the Erwin-Teals' lease in June 2017 for violating the "NO CHILDREN" condition—*before* the Erwin-Teals could have been liable for failure to pay rent for July. Doc. [1-4]; Doc. [1-5].

Collateral estoppel "applies only to those issues that were necessarily and unambiguously decided." *In re Scarborough*, 171 F.3d at 642 (quoting *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996)). In awarding Mr. Rupp back rent, the state court certainly did not "necessarily and unambiguously decide" whether Mr. Rupp's termination of the lease was illegal discrimination based on familial status. And Defendants provide no authority for their claim that a judgment for back rent precludes a subsequent claim for familial status discrimination.

   2. *The state court judgment did not address the merits of Plaintiff's familial status discrimination claim.*

"A 'judgment on the merits is one rendered after argument and investigation and when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or technical point, or by default, and without trial.'" *St. Louis Univ. v. Hesselberg Drug Co.*, 35 S.W.3d 451, 455 (Mo. Ct. App. 2000) (quoting *Hayes v. United Fire & Cas. Co.*, 3 S.W.3d 853, 856 (Mo. Ct. App. 1999)). Because the state court made no findings relating to alleged familial status discrimination, its judgment did not decide that issue on the merits.

   3. *Plaintiff and the Erwin-Teals are not in privity.*

Plaintiff was not a party to the state court adjudication. Doc. [40-17]. Thus, Defendants would have to show privity between Plaintiff and the Erwin-Teals to succeed on the third collateral estoppel element. "Parties are in privity for the purposes of collateral estoppel if the interests of the non-party are so closely related to the interests of the party, the nonparty can be fairly considered to have had his day in court." *Fischer ex rel. Scarborough v. Fischer*, 34 S.W.3d 263, 265 (Mo. Ct. App. 2000) (quoting *Major v. Frontenac Indus., Inc.*, 968 S.W.2d 758, 762 (Mo. Ct. App. 1998)). "It is a well-established general principle that the government is not bound by private litigation when the government's action seeks to enforce a federal statute that implicates both public and private interests." *U.S. Commodity Futures Trading Comm'n v.*

4

*Kratville*, 796 F.3d 873, 889 (8th Cir. 2015) (quoting *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1291 (11th Cir. 2004)).

Defendants assert that privity exists because Plaintiff "is pursuing a claim for damages on behalf of Erwin-Teal." Doc. [39] at 6. But the Fair Housing Act empowers the Attorney General to seek civil penalties "to vindicate the public interest" and injunctive relief as necessary "to assure the full enjoyment of the rights granted" by the Act. 42 U.S.C. § 3614. Plaintiff, "in enforcing the Fair Housing Act, is 'not merely a proxy for the victims of discrimination,' but safeguards public interests independent of the" victims. *United States v. Katz*, 2011 WL 5175787 (S.D.N.Y. June 2, 2011) (quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 326 (1980)). Courts may award relief "including monetary damages to the persons aggrieved" without Plaintiff standing in the shoes of those persons. 42 U.S.C. § 3614(d).

Because enforcement of the FHA serves the public interest, and Defendants have not shown that this is the rare case where privity exists between a private party in one action and the government in a later action, *Kratville*, 796 F.3d at 889, Plaintiff and the Erwin-Teals are not in privity.

> 4. *Defendants have not shown that Plaintiff had a full and fair opportunity to litigate such that collateral estoppel is warranted.*

The fourth collateral-estoppel element tests whether "non-mutual collateral estoppel should be applied." *James*, 49 S.W.3d at 684. "The principle of non-mutual collateral estoppel, as adopted in Missouri, permits use of a prior judgment to preclude relitigation of an issue even though the party asserting collateral estoppel was not a party to the prior case." *James*, 49 S.W.3d at 684 (citing *In re Caranchini*, 956 S.W.2d 910, 911 (Mo. banc 1997)). "Sound policy suggests that estoppel should rarely be applied to a governmental entity and then only to avoid a manifest injustice." *Shell Oil Co. v. Dir. of Revenue*, 732 S.W.2d 178, 182 (Mo. banc 1987).

Defendants' argument states, in full: "Erwin-Teal had an opportunity to contest the Eviction Action seeking possession of the premises and, in fact, did. There was no evidence submitted by Erwin-Teal that the eviction was due to the presence of their minor children." Doc. [39] at 6. In support, Defendants cite Ms. Erwin's deposition testimony, Doc. [40-24] at 103-106, which indicates that she had vacated the apartment before the "Eviction Action," which, on its own terms, was an action for unpaid rent. Doc. [40-17]. That testimony does not show that

5

estoppel against the government is necessary to avoid a manifest injustice; therefore, Defendants have not satisfied the fourth collateral estoppel element. *See Shell Oil*, 732 S.W.2d at 182.

Because none of the four elements favors estoppel here, Plaintiff is not collaterally estopped from litigating its familial status discrimination claim in this Court. Defendants also make a narrower argument that Plaintiff should be barred by res judicata from recovering compensatory damages on the Erwin-Teals' behalf. Doc. [39] at 8. In Missouri, courts apply res judicata "where '(1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'" *Biermann v. United States*, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999) (quoting *De Llano v. Berglund*, 183 F.3d 780, 781 (8th Cir. 1999)). For the reasons already stated, neither "the same cause of action" nor "the same parties or their privies" are present in both the state court judgment for unpaid rent and this action for housing discrimination. Accordingly, res judicata does not bar any of Plaintiff's claims in this action.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on liability for violations of 42 U.S.C. § 3604(a), (b), and (c). Doc. [41]. Liability for violating the Fair Housing Act may arise from theories of disparate treatment or disparate impact on a protected class. *Tex. Dep't of Hous. and Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 545-46 (2015). "Disparate-treatment claims under the FHA are tested under the same framework as Title VII disparate-treatment claims." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 926 (8th Cir. 1993)). In a disparate-treatment case, plaintiffs must show discriminatory intent or motive. *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1110 (8th Cir. 2017) (quoting *Inclusive Cmtys.*, 576 U.S. at 524). Violations of the FHA can be shown by direct evidence, which shows "a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse [] action." *Gallagher*, 619 F.3d at 831 (quoting *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004)).

#### 1. 42 U.S.C. § 3604(a)

The FHA makes it unlawful to terminate a lease or to evict tenants because of familial status: "[I]t shall be unlawful . . . [t]o refuse to sell or rent after the making of a bona fide offer, or to refuse for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any

6

person because of race, color, religion, familial status, or national origin." 42 U.S.C. § 3604(a); *see Gorski v. Troy*, 929 F.2d 1183, 1185 (7th Cir. 1991) (tenants stated claim when they alleged defendants terminated lease and evicted them after they requested permission to foster two children in apartment); 24 C.F.R. § 100.60(b)(2), (5) (prohibited actions include refusing to rent to or evicting tenants because of familial status). Plaintiff has provided direct evidence that Defendants made a dwelling unavailable to the Erwin-Teals because of their familial status. In the notice to vacate, Mr. Rupp stated that the Erwin-Teals' lease would not be extended because of their "total disregard for the terms and conditions" of the lease. Doc. [1-4] at 3. The notice makes clear that the violations that left Mr. Rupp "no alternative" were that the Erwin-Teals' older child had "been living full time at the apartment" and that Ms. Erwin had recently given "birth to a girl who is also now living at the apartment." *Id.* at 2. The notice even describes Mr. Rupp's concerns about those violations of the lease as "more important[]" than the inadequacy of the Erwin-Teals' most recent payment. *Id.* On its face, then, the notice provides a "specific link between the alleged discriminatory animus and the challenged decision." *Gallagher*, 619 F.3d at 831. Standing alone, it is "sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse [] action." *Id.*

Defendants argue that the notice to vacate is not dispositive of a violation of § 3604(a) for two reasons. First, Mr. Rupp testified in a deposition that he believed the second child's presence gave rise to a violation of a local ordinance. Doc. 44 at 5. Second, Mr. Rupp testified that the Erwin-Teals were "problematic tenants." *Id.* Neither argument creates a genuine dispute as to his motivation for terminating their lease when the notice to vacate so clearly purports to terminate the lease and the Erwin-Teals' occupancy of the apartment under threat of legal action because they violated the "no children" clauses. Therefore, Plaintiff has shown that there is not a genuine dispute of material fact and that Defendants violated § 3604(a), and summary judgment will be granted as to that claim.

2. *42 U.S.C. § 3604(b)*

Under the FHA, landlords who offer different lease terms based on applicants' familial status act unlawfully: "[I]t shall be unlawful . . . [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). In his deposition, Mr. Rupp testified that he included additional

7

terms in leases for tenants with children. Doc. [42] ¶¶ 51-53. Mr. Rupp described a general expectation that tenants be mindful of the noise level in their units, but he included the "no children" provision in the leases only of parents of young children "to make the point [they have] just got to be quiet." *Id.*; Doc. [42-1] at 38. Similar prohibitions were not included for tenants with teenage children, whom Mr. Rupp considers adults. Doc. [42-1] at 11. Defendants do not "specifically controvert[]" those facts from Plaintiff's Statement of Uncontroverted Material Facts, so the Court takes those statements to be true. E.D.Mo. L.R. 4.01(E); s*ee* Fed. R. Civ. P. 56(c). As a result, Plaintiff has shown that there is no genuine dispute of fact and that it is entitled to judgment as a matter of law that Defendants violated 42 U.S.C. § 3604(b).

Defendants argue that summary judgment is not warranted because Plaintiff has not proven "an enterprise of broad and extensive 'familial discrimination.'" Doc. [44] at 7-8. The text of the statute does not require proof of a broad and extensive regime of familial discrimination, and Defendants provide no authority for such requirement.

Defendants have not specifically controverted any material fact to undermine Plaintiff's claim that Defendants violated § 3604(b), nor have they shown that Plaintiff is not entitled to judgment as a matter of law. Thus, Plaintiff's Motion for Summary Judgment will also be granted as to Defendants' liability for violating § 3604(b).

3. *42 U.S.C. § 3604(c)*

The FHA makes it unlawful for landlords to utilize an application and lease that express limitations or preferences for tenants based on their familial status:

> [I]t shall be unlawful . . . [t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(c); 24 C.F.R. § 100.75(b) (statements made in applications can violate § 3604(c)). Plaintiff has produced the Erwin-Teals' rental application, which plainly states that no children are permitted. Doc. [1-1] at 3. The application also states that a failure to comply with the conditions stated in the application would automatically void the lease. *Id.* Their lease contains a similar provision prohibiting the presence of children. Doc. [40-1]. Plaintiff has thus shown that Defendants expressed a preference based on familial status that violates the FHA. Defendants do not respond to Plaintiff's § 3604(c) argument in their opposition brief or their

8

response to Plaintiff's Statement of Uncontroverted Material Facts. Consequently, they have failed to show that a genuine dispute of material fact exists or that Plaintiff is not entitled to judgment as a matter of law as to Defendants' violation of § 3604(c).

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.

Dated this 28th day of May, 2021.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

9