# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:19-cv-2644 |
| v. | ) |
| LOUIS A. RUPP, II, et al., | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTIONS IN LIMINE

Defendants respond as follows to the government's motions *in limine* [Doc. 78].[1]

**1. Defendants Do Not Intend To Put On Any Evidence Meant To Challenge This Court's Prior Finding Of Liability.**

Defendants do not intend to introduce evidence at trial meant to challenge this Court's prior finding of liability. Defendants will not dispute the government's arguments regarding the law of the case. The government overreaches, however, when it asserts that certain evidence cannot be introduced for the punitive damage portion of this case because it could also have been introduced on the issue of liability *if liability was still an issue.* "[E]vidence may be inadmissible for one purpose yet still be admissible for another." United States v. Harris, 956 F.2d 177, 181 (8th Cir. 1992). Defendant Louis Rupp's state of mind and motivation are issues upon which Defendant certainly is permitted to introduce evidence relating to the appropriateness of punitive damages. If the Court believes that the jury might be confused, it certainly may craft an instruction under Fed.R.Evid. Rule 105 reminding the jury that liability has been established by the Court. *See* Rule 105 ("If the court admits evidence that is admissible

---

[1] Defendants reserve the right to introduce any evidence that is or becomes relevant based upon the government's presentation of evidence and witnesses' testimony at trial.

against a party or for a purpose — but not against another party or for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

Moreover, it is premature to enter any preliminary prophylactic ruling as to which evidence may or may not be relevant because the government has not yet put on a single piece of evidence. Kammerer v. Wyeth, No. 8:04CV196, 2012 WL 13033732, at *1 (D. Neb. Jan. 31, 2012) ("Although the motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gate-keeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment.").

Rule 401 states,

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Consequently, this Court cannot yet determine what evidence will be relevant until it has heard the government's case in chief. This applies to each separate motion *in limine* raised by the government. Fluor Corp. v. Zurich Am. Ins. Co., No. 4:16CV00429 ERW, 2021 WL 3021973, at *18 (E.D. Mo. July 16, 2021) ("the Court cannot make a blanket determination as to relevancy of this potential evidence, nor can it weigh its prejudice to Fluor. The Court will determine the admissibility of the evidence throughout the course of the trial as each piece of evidence is presented").

2. **Defendants Do Not Intend To Introduce Evidence Of Martin Teal's Felony Conviction For Purposes Of Impeaching His Credibility Under Rule 609.**

Defendants do not intend to introduce the fact that Martin Teal has a felony conviction for dealing narcotics for the purpose of impeaching his credibility pursuant to Rule 606.

3. **Defendants Do Not Intend To Introduce Evidence Speculating About Martin Teal's Drug Use.**

Martin Teal's drug use at the apartment is not an issue in this case unless raised by the government or the government's witnesses.  Therefore, Defendants state that they do not presently intend to introduce evidence of his drug use at trial.

4. **Defendants Have No Objection To This Motion *In Limine* So Long As A Statement Is Read To The Jury Adequately Describing Pauline' Rupp's Absence And Prior Lack Of Testimony.**

Defendants have no objection to this motion *in limine* so long as a statement is read to the jury adequately describing Pauline Rupp's absence and prior lack of testimony.  Any such statement should let the jury know that Ms. Rupp's condition was serious so that the jury will not infer a lack of care, compassion, or interest by her absence.

5. **Evidence Is Admissible To Show Defendant's Character And State Of Mind Where The Government Is Seeking Punitive Damages.**

The government seeks to exclude evidence that (i) Defendant rented to other tenants with children; and (ii) other tenants have no complaints about Defendant as a landlord.  The government cites to Rules 404 and 406 in support of the motion *in limine*.

Again, the government imputes intention to Defendant that is not warranted.  Defendant ***does not intend*** to introduce evidence that he rented apartments to tenants with children or that he is a amenable landlord for the purpose of ***demonstrating that he did not discriminate in this case***.  See Rule 406 ("Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance

with the habit or routine practice."). Rather, the evidence is admissible for the purposes of demonstrating Defendant's state of mind, character, motivation, and intent to violate, which are absolutely relevant for purposes of the government's claim for punitive damages.

Where character is at issue, character evidence is admissible under Rule 405(b), which provides, "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct."

In Fluor Corp., WL 3021973, at *15, the court permitted the introduction of past actions, not to show conforming conduct, but rather, to show mental state and motive. The court noted,

> Although Fluor argues this evidence is inadmissible under Rule 406, Rule 406 applies only where evidence is offered to show conduct, the provision does not apply to evidence offered to prove a mental state or to show parties' intent regarding the meaning of language in their contract. *See* Wright and Miller, 23 Fed. Prac. & Proc. Evid. § 5275 (2d ed. 2021).

Id.

Similarly, here the proposed jury instruction on punitive damages contains the following language:

> If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:
>
> 1.   How reprehensible Mr. Rupp's conduct was.  In this regard, you may consider whether the harm suffered by the victims (the Erwin-Teals) was physical or economic or both; whether there was violence, deceit, ***intentional malice, reckless disregard*** for human health or safety; whether Mr. Rupp's conduct that harmed the victims also posed a risk of harm to others; whether there ***was any repetition of the wrongful conduct and past conduct of the sort that harmed the victims***.

See Proposed Jury Instruction, attached as Exhibit A (emphasis added). It also provides that the jury may consider whether Defendant acted with "malice or reckless indifference". Id. Evidence

that Defendant had not enforced that provision in his lease previously, that he had permitted children to reside in the building, and that he was not a malicious landlord, go to the very issues a jury must consider in deciding whether to award punitive damages or not.[2]

In fact, "[p]erhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." Trickey v. Kaman Indus. Techs. Corp., 705 F.3d 788, 802 (8th Cir. 2013) citing BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 568 (1996). The United States Supreme Court "consider[s] five factors in evaluating the degree of reprehensibility: whether . . . the conduct involved repeated actions or *was an isolated incident* . . . ." State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003) (emphasis added). Therefore, Rupp's past of renting to families with minor children is admissible on the issue of punitive damages.

Certainly, the Court can assume that if the government had uncovered even a single negative opinion or example of similar discriminatory conduct, it would be putting those witnesses on the stand to testify, claiming that it would be relevant evidence for purposes of punitive damages. Kerr v. First Commodity Corp. of Bos., 735 F.2d 281, 286 (8th Cir. 1984) ("On the issue of punitive damages, the testimony of other customers about representations made by First Commodity through its agents was properly introduced to show First Commodity's absence of mistake and its intent to defraud the public."). That the government could not locate any such witnesses should not be excluded just because it tends to prove that Defendant lacked evil motive, reckless disregard, planning, prior similar conduct, planning or intent.

---

[2] As part of being permitted to address the factors that the jury will be directed to consider, Defendant is permitted to introduce character evidence. Defendant's character evidence is also admissible under Rule 404(b)(2), which states as follows: "This [character] evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

And finally, because character evidence is admissible, this court must look to Rule 405(a) for guidance:

> **(a) By Reputation or Opinion**. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.

Rule 405(a) provides for the introduction of opinion testimony like that from Defendant's other tenants, Rickman, Merritt, and Speaks.

**6. Defendants Do Not Intend To Introduce Evidence Of Prior Litigation Involving Erwin Or Teal For Purposes Of Attacking Their Credibility Or Demonstrating A Propensity To Be Not To Pay Rent Or Being Problematic Tenants.**

Defendants do not intend to introduce evidence of prior litigation involving Erwin or Teal for purposes of attacking their credibility or demonstrating a propensity to be not to pay rent or being problematic tenants.

WITZEL KANZLER & DIMMITT, LLC

By: /s/ Jay L. Kanzler Jr.
David A. Dimmitt, #39555 (Mo.)
Jay L. Kanzler Jr., #41298 (Mo.)
2001 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-5367
314-645-5387(fax)
jaykanzler@wkllc.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I certify that on August 9, 2021, a copy of the foregoing document was filed electronically with the Court and was served by means of the Court's electronic filing system.

                                                                  Jay L. Kanzler